UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LATOYA A., *on behalf of N.C.*,

         Plaintiff,

   v.                               5:19-CV-581
                                         (DJS)
ANDREW M. SAUL,[1] *Commissioner of Social Security*,

         Defendant.
_____

**APPEARANCES:**                    **OF COUNSEL:**

OLINSKY LAW GROUP          HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
One Park Place
300 South State Street, Suite 420
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.   KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
REGION II
Attorney for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

     This action was initially commenced by Plaintiff acting *pro se* on behalf of her minor child seeking review of a decision by the Commissioner of Social Security which

---

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

denied the child's application for supplemental security income benefits. Dkt. No. 1, Compl. Defendant moved to dismiss the Complaint as untimely. Dkt. No. 10. Plaintiff filed a response to the Motion, Dkt. No. 13, and the Court thereafter held a hearing to assess whether on the facts of this case the appointment of counsel was warranted. *See* Text Minute Entry for November 15, 2019. Counsel was then appointed for Plaintiff, Dkt. No. 16, and that counsel has filed a further response opposing the Motion. Dkt. No. 18. For the reasons set forth below, the Motion to Dismiss is denied.

## I. ANALYSIS

An unsuccessful claimant before the Social Security Administration may seek judicial review of the Commissioner's determination under 42 U.S.C. § 405(g). That review is available in an action that must be commenced within sixty days after the mailing of the final decision. *Id.* Plaintiff commenced this action challenging the Commissioner's final decision denying her daughter benefits. Compl. That final determination was dated February 8, 2019. Dkt. No. 10-1, Sampson Decl. at ¶ 3(a). This action was filed May 15, 2019, Compl., and thus was not filed within the sixty-day statutory deadline. Plaintiff does not dispute that the action was not timely filed. Dkt. No. 18-1, Pl.'s Mem. of Law at p. 2. She instead contends that under the doctrine of equitable tolling, the Complaint should nonetheless be deemed timely. *Id.* at pp. 2-4. For the reasons that follow, the Court agrees.

The sixty-day limitation is a statute of limitations and not a jurisdictional condition. *Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986). "The doctrine of

2

equitable tolling permits courts to deem filings timely where a litigant can show that she has been pursuing her rights diligently and that some extraordinary circumstance stood in her way." *F.B. by Galbato v. Berryhill*, 2018 WL 5777768, at *3 (N.D.N.Y. Nov. 2, 2018) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005)) (internal alterations omitted). "While 'equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area.'" *Ocasio v. Colvin*, 2015 WL 3447643, at *2 (N.D.N.Y. May 28, 2015) (quoting *Liranzo v. Astrue*, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010)). Plaintiff bears the burden of establishing her entitlement to equitable tolling. *Id.*

The undisputed factual record establishes that between the time of the Commissioner's final determination and Plaintiff's *pro se* filing of this action, a series of events, beyond Plaintiff's control, significantly impacted her ability to timely file this action despite her otherwise diligent efforts to proceed with the claim.

Plaintiff's minor son has Autism and ADHD and at the time was an eighth-grade special education student. Dkt. No. 18-2, Airall Aff. at ¶¶ 3-4. During this time he was experiencing significant difficulties at school. He was apparently having behavioral issues resulting in him being prohibited from riding the school bus. *Id.* at ¶ 4. Because of difficulty securing transportation, this resulted in the child missing "a lot of school." *Id.* Plaintiff also learned that he was failing all of his core academic courses and would need to repeat the same grade the following year. *Id.* at ¶ 8.

In March 2019, Plaintiff was threatened with eviction as a result of owing a significant amount of back rent. *Id.* at ¶ 5. Plaintiff states that she had prior ongoing issues with her landlord concerning unsafe living conditions. *Id.* She was, however, ultimately able to forestall eviction. *Id.* Plaintiff also had her electricity and gas service terminated during this period as a result of her inability to pay. *Id.* at ¶ 7. This required Plaintiff to devote significant time and energy to proving basic needs for herself and her children. *Id.*

Plaintiff also was involved in issues with the termination of health care coverage and issues with her daughter's safety. *Id.* at ¶ 9. Difficulties with her daughter included needing to file missing persons reports and dealing with significant medical issues after her daughter jumped out a third story window. *Id.*

Taken together these facts establish "that extraordinary circumstances prevented [Plaintiff] from timely filing this action." *F.B. by Galbato v. Berryhill*, 2018 WL 5777768, at *3. Plaintiff was confronted with significant family medical and educational issues. She also needed to address the risk of losing a place for her family to live and the need to provide not only shelter, but food for her family. These circumstances amply justify reliance of equitable tolling. *Id.* at * 3-4.

There is no evidence that Plaintiff intentionally delayed seeking to commence this action and her conduct since filing shows her diligent attempts, when acting *pro se*, to actively pursue the action. In light of the entire record, the Court concludes that this is an appropriate case to apply equitable tolling.

## II. CONCLUSION

For these reasons, it is

**ORDERED**, that equitable tolling applies and the Complaint (Dkt. No. 1) is deemed timely filed; and it is further

**ORDERED**, that the Motion to Dismiss is **DENIED**; and it is further

**ORDERED**, that in accord with General Order #18, the Defendant's Answer together with a certified copy of the transcript of the administrative proceeding is due within 30 days of this Order and the matter shall thereafter proceed pursuant to General Order #18.

**IT IS SO ORDERED**.

Dated: March 10, 2020
 Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge