**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LATOYA A., *on behalf of N.C.*,

                 Plaintiff,

    v.                                 5:19-CV-581
                                         (DJS)

ANDREW M. SAUL,[1] *Commissioner of
Social Security*,

                 Defendant.
_____

**APPEARANCES:**                     **OF COUNSEL:**

OLINSKY LAW GROUP        HOWARD OLINSKY, ESQ.[2]
Attorney for Plaintiff
One Park Place
300 South State Street, Suite 420
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.    NICOLE SONIA, ESQ.
OFFICE OF REG'L GEN. COUNSEL
REGION II
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

_____

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

[2] Mr. Olinsky was appointed as *pro bono* counsel for Plaintiff.  Dkt. No. 16.  Upon entry of judgment in this case, his *pro bono* assignment is terminated with the thanks of the Court.

## DECISION and ORDER[3]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff's minor child was not disabled. Dkt. No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 24 & 29.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.  The Commissioner's decision is reversed and the matter is remanded for further proceedings.

### I. RELEVANT BACKGROUND

Plaintiff commenced this action on behalf of her minor child ("claimant"). Dkt. No. 1.  In June 2016, an application for supplemental security income benefits was filed on claimant's behalf. Dkt. No. 20, Admin. Tr. ("Tr."), pp. 311-319.  At the time claimant was three years of age.  Tr. at p. 15.

The application was initially denied on August 1, 2016, after which a hearing before an Administrative Law Judge ("ALJ") was requested.  Tr. at pp. 12 & 271-273.  The hearing was held before ALJ Jeremy G. Eldred on May 2, 2018.  Tr. at pp. 223-246.  Despite her young age, claimant was present at the hearing.  *Id.*  Plaintiff proceeded without any representation at the hearing.  Tr. at p. 226-227.  On June 28, 2018, the ALJ

---

[3] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 4 & General Order 18.

issued a written decision finding claimant was not disabled under the Social Security Act. Tr. at pp. 12-28. On February 8, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 2-6.

## II. DISCUSSION

Plaintiff's brief raises two issues for review. First, she contends that the ALJ failed to properly develop the record in this case, particularly in light of the fact that Plaintiff and her daughter were not represented by counsel at the administrative hearing. Dkt. No. 24, Pl.'s Mem. of Law, pp. 9-14. Second, Plaintiff argues that this claim was adjudicated by an unconstitutionally appointed ALJ and that remand for consideration by a properly appointed ALJ is required. *Id.* at pp. 14-17.

In response, Defendant contends that the ALJ fulfilled his duty to make sure the record was properly developed in this case. Dkt. No. 29, Def.'s Mem. of Law, pp. 5-13. Defendant also asserts that Plaintiff has forfeited any claim regarding the propriety of the ALJ's appointment because the issue was not raised in any administrative proceeding prior to the commencement of this action. *Id.* at pp. 13-23.

In light of the Supreme Court's recent decision in *Carr v. Saul*, ___U.S. ___, 2021 WL 1566608 (Apr. 22, 2021), remand is warranted as to Plaintiff's second ground for relief.[4]

---

[4] The stay imposed pending a decision in *Carr* is lifted. *See* Dkt. No. 30.

A number of legal issues regarding the appointment of ALJs have developed in light of the Supreme Court's decision in *Lucia v. Securities & Exchange Comm'n*, 138 S. Ct. 2044 (2018). *See generally Iris R. v. Saul*, 2020 WL 2475824, at \*4 (N.D.N.Y. May 13, 2020) (discussing impact of *Lucia* on Social Security Act cases). Generally stated, the broad question presented following *Lucia* is the impact on cases where the presiding ALJs may not have been properly appointed. *See id.* at \*4. With respect to the particular question presented here, whether a plaintiff who fails to raise the propriety of the ALJ's appointment prior to federal court forfeits the issue, *Carr* resolved what had been a circuit split. *See Montes v. Saul*, 2020 WL 6875301, at \*4 (S.D.N.Y. Nov. 23, 2020) (discussing four conflicting circuit court decisions).

*Carr* rejected the position taken by the Social Security Administration that there was a form of issue exhaustion that required Social Security claimants to challenge the ALJ's appointment administratively or waive it. *Carr v. Saul*, 2021 WL 1566608, at \*5-7. In doing so, the Court highlighted both the non-adversarial nature of disability determinations before the agency and the significance of the constitutional issue presented under the Appointment Clause. *Id.* On July 16, 2018, following the decision in *Lucia*, the Acting Administrator of the Social Security Administration properly appointed ALJs to minimize any potential impact of that decision. *Id.* at \*3. The ALJ's decision in this case was issued before that action. Tr. at pp. 12-28. The Social Security Administration also directed that the determination of any party who timely raised an Appointments Clause challenge in administrative proceedings should be vacated and

4

reevaluated by a properly appointed ALJ. *Carr v. Saul*, 2021 WL 1566608, at *3. In light of *Carr*'s determination that claimants did not forfeit those claims if they were not raised administratively, the same remedy, remand for consideration by a properly appointed ALJ, is warranted here.

### III. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff benefits is **VACATED** and **REMANDED** pursuant to Sentence Four of section 405(g) for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Decision and Order on the parties.

Dated:  May 3, 2021
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge