UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LATOYA A., *on behalf of N.C.*,

            Plaintiff,

    v.                                                                            5:19-CV-581
                                                                            (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,[1]

            Defendant.
_____

**APPEARANCES:**                                                  **OF COUNSEL:**

OLINSKY LAW GROUP                                        HOWARD OLINSKY, ESQ.[2]
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                       NICOLE BOUDREAU, ESQ.
OFFICE OF REG'L GEN. COUNSEL
REGION II
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

[2] Mr. Olinsky was appointed as pro bono counsel for Plaintiff. Dkt. No. 16.

## **DECISION and ORDER**

### **I. BACKGROUND**

Plaintiff commenced this action on behalf of her minor child. Dkt. No. 1. At the time Plaintiff was proceeding pro se. Defendant moved to dismiss the Complaint as untimely. Dkt. No. 11. Plaintiff responded to the motion, Dkt. No. 13, and the Court then held a conference with respect to the motion. Text Minute Entry for Nov. 15, 2019. As the result of that conference, the Court determined that it was appropriate to appoint pro bono counsel for Plaintiff. Dkt. No. 16. Counsel was afforded additional time to oppose the motion. Dkt. No. 15. Counsel's response conceded that the Complaint had not been timely filed but argued that equitable tolling should apply to render the Complaint timely. Dkt. No. 18-1. The Court agreed with Defendant that the Complaint was untimely but did find equitable tolling warranted and directed the parties to address the merits of the Commissioner's underlying determination. Dkt. No. 19.

Plaintiff's merits brief raised two issues: the Commissioner's failure to develop the record and that the claim below had been adjudicated by an improperly appointed Administrative Law Judge ("ALJ"). Dkt. No. 24. Defendant responded that the Commissioner had fulfilled the duty to fully develop the record and that Plaintiff had waived any claim regarding the ALJ's appointment by failing to raise the issue during the administrative process. Dkt. No. 29. Recognizing that there was a split of authority on the question of whether the claim regarding the ALJ's appointment was waived and

that the Supreme Court had agreed to resolve the conflict, this Court stayed this action pending the Supreme Court's decision. Dkt. No. 30 at p. 2.

In *Carr v. Saul*, the Supreme Court "rejected the position taken by the Social Security Administration that there was a form of issue exhaustion that required Social Security claimants to challenge the ALJ's appointment administratively or waive it." Dkt. No. 31 at p. 4 (citing *Carr v. Saul*, 141 S. Ct. 1352 (2021)). In light of that determination, the Court remanded this matter for consideration by a properly appointed ALJ and did not reach the question of whether the administrative record had been properly developed. *Id.* at pp. 4-5. Judgment was then entered remanding the matter to the Commissioner for further proceedings. Dkt. No. 32.

Plaintiff has now filed a Motion for Attorney Fees under the Equal Access to Justice Act. Dkt. No. 33. Defendant opposed the Motion, Dkt. No. 34, Def.'s Opp., and with leave of the Court, Plaintiff has filed a reply. Dkt. No. 37, Pl.'s Reply.

## II. DISCUSSION

"The EAJA provides for an award of attorney fees and costs to the prevailing party in social security litigation against the United States when the government fails to demonstrate that its position was 'substantially justified,' and absent 'special circumstances' making an award unjust." *Weatherby v. Comm'r of Soc. Sec.*, 2009 WL 1563925, at *1 (N.D.N.Y. June 3, 2009) (citing 28 U.S.C. § 2412(d) (1)(A)). Defendant concedes Plaintiff is a prevailing party here, Def.'s Opp. at p. 4, but maintains an award

of fees is unwarranted because its position was substantially justified. *Id.* at pp. 5-7.[3]

The Second Circuit "has repeatedly interpreted the 'substantially justified' standard to be essentially a standard of reasonableness." *Cohen v. Bowen*, 837 F.2d 582, 586 (2d Cir. 1988); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "To make this showing, the Commissioner must demonstrate that [her] position had a 'reasonable basis both in law and fact.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81–82 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. at 563). Here, despite Plaintiff's ultimate success, the Court concludes that Defendant's position with respect to waiver of issues regarding the appointment of the ALJ was substantially justified and an award of fees, therefore, is not appropriate.[4]

The Commissioner argued in this Court that because Plaintiff had failed to raise any issue regarding the alleged unconstitutionality of the ALJ's appointment, she had forfeited her ability to raise that claim in federal court. Dkt. No. 29 at pp. 13-23. In support of that argument, Defendant cited decisions from the Eighth and Tenth Circuit Courts of Appeal that had reached that conclusion. *Id.* at p. 15. As of September 2020, when Defendant's brief was filed, several decisions in this District had reached the same conclusion. *Anna M. S. v. Saul*, 2020 WL 2543044, at *5 (N.D.N.Y. May 19, 2020);

---

[3] The parties have also presented arguments about the justification for Defendant's position regarding the adequacy of the record before the ALJ. Def.'s Opp. at pp. 7-10; Pl.'s Reply at p. 5. This Court did not address that question in its decision to remand and because the Court finds Defendant was substantially justified in the position as to which remand was ordered the Court finds it unnecessary to consider that question now.

[4] Plaintiff does not contend, nor could she, that Defendant's initial argument regarding the timeliness of the Complaint was not substantially justified.

4

*Iris R. v. Saul*, 2020 WL 2475824, at *6 (N.D.N.Y. May 13, 2020). While there was most certainly authority to the contrary in place at that time, *see Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 155-56 (3d Cir. 2020), as of May 2020 "[t]he vast majority of the district courts that have considered the issue of waiver have concluded that a plaintiff waives her Appointments Clause challenge . . . when she does not raise it during the Commissioner's agency proceedings." *Iris R. v. Saul*, 2020 WL 2475824, at *4; *see also Anna M. S. v. Saul*, 2020 WL 2543044, at *5. That weight of authority strongly demonstrates that Defendant's litigation position in this case was substantially justified. The Court, therefore, concludes that an award of fees would not be appropriate. *Dewonkiee L. B. v. Comm'r of Soc. Sec.*, 2021 WL 3417842, at *3 (N.D.N.Y. Aug. 5, 2021). Numerous other courts across the country have also found Defendant's position regarding this question substantially justified. *See, e.g., Brown v. Comm'r of Soc. Sec.*, 2022 WL 856081, at *2 (W.D. Wash. Jan. 20, 2022); *Nelson S. v. Saul*, 2021 WL 5768520, at *4 (D. Conn. Dec. 6, 2021); *Jones v. Saul*, 2021 WL 5600621, at *4 (W.D.N.C. Nov. 30, 2021) (citing cases).

Plaintiff points to the fact *Carr* was a unanimous decision as evidence that "the Commissioner's position was not reasonable." Pl.'s Reply at p. 4.[5] This argument is not persuasive. The Supreme Court has recognized that "a position can be justified even

---

[5] This statement itself is only partially correct. While all nine justices reached the same ultimate conclusion, they did not do so on the same legal basis. *Carr v. Saul*, 141 S. Ct. at 1362 (Justice Thomas, joined by Justices Gorsuch and Barrett, concurring in part and concurring in the judgment); *id.* at 1363 (Justice Breyer, concurring in part and concurring in the judgment).

5

though it is not correct." *Pierce v. Underwood*, 487 U.S. at 566 n.2. One of the Supreme Court's primary roles is the resolution of circuit splits. SUP. CT. R. 10(a). There was a clear split here. *Carr v. Saul*, 141 S. Ct. at 1357 (identifying split between Eighth and Tenth Circuits in support of Commissioner's view and opposing view of Third, Fourth, and Sixth Circuits). Accepting Plaintiff's position would essentially require this Court to find that the opinions of the Eighth and Tenth Circuits, with which the Supreme Court ultimately disagreed, were unreasonable. The Court declines to do. Nor is unanimity itself an indication of the merits of the matter being litigated as it is not at all uncommon for a circuit split to be resolved by unanimous opinion. *See*, *e.g.*, *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843 (2019); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192 (1997). In any event, the determinative question is whether *at the time the Commissioner took the relevant position in this case*, it was substantially justified, rather than whether the ultimate resolution of the issue was in the Commissioner's favor. *Nelson S. v. Saul*, 2021 WL 5768520, at *4 ("The Court finds that the Commissioner's position was substantially justified due to the unsettled law surrounding the exhaustion requirement of an Appointments Clause challenge at the time of plaintiff's administrative hearing and subsequent federal appeal.").

    This Court reiterates its prior appreciation to Plaintiff's counsel for accepting the pro bono appointment in this case. Dkt. No. 31. While pro bono service is an obligation as a member of the bar of the Northern District, L.R. 83.1(g), it is an invaluable service

to the Court and those litigants in need, and the work of Plaintiff's counsel in this matter was of the highest level. Under the applicable standards for an award of fees under the EAJA, however, the pending Motion must be denied.

### III. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Fees under the Equal Access to Justice Act is **DENIED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Decision and Order on the parties.

Dated: March 31, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge