UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LATOYA A., *on behalf of N.C.*,

                    Plaintiff,

        v.                                              5:19-CV-581
                                                          (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of
Social Security*,

                    Defendant.

_____

APPEARANCES:                                 OF COUNSEL:

OLINSKY LAW GROUP                            HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                  NICOLE BOUDREAU, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

### I.  BACKGROUND

Plaintiff, at the time proceeding *pro se*, filed a Complaint in this matter on May

15, 2019, seeking review of the Commissioner's determination denying the application

for disability benefits on behalf of Plaintiff's child.  Dkt. No. 1.  This Court appointed

Mr. Olinsky to act as pro bono counsel for Plaintiff.  Dkt. No. 16.

Defendant sought dismissal of this Complaint as untimely.  Dkt. No. 10.  Mr.

Olinsky filed a brief opposing dismissal arguing that the statute of limitations should be

equitably tolled.  Dkt. No. 18-1.  In a March 2020 Decision and Order, this Court agreed

that equitable tolling applied and deemed the Complaint timely.  Dkt. No. 19.  Following

briefing on Motions for Judgment on the Pleadings, Dkt. Nos. 24 & 29, the Court granted

Plaintiff's Motion and remanded the matter to the Commissioner.  Dkt. No. 31.

Plaintiff's counsel then sought an award of attorney's fees pursuant to the Equal Access

to Justice Act ("EAJA").  Dkt. No. 33.  Following briefing on that application, the

request was denied because Defendant's position on the legal issues raised had been

substantially justified.  Dkt. No. 38.

Upon review of the matter on remand, the Administrative Law Judge issued a

favorable decision awarding Plaintiff benefits.  Dkt. No. 39-1 at ¶ 4.  Plaintiff's counsel

has now filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).  Dkt. No.

39.  Specifically, Plaintiff's counsel seeks attorney's fees in the amount of $6,657.84

pursuant to a retainer agreement signed by Plaintiff.  Dkt. No. 39-1 at ¶¶ 7 & 11.

For the reasons that follow, the request for an award of attorney's fees is granted.

## II.  DISCUSSION

Motions for fees under section 406(b) typically involve requests based on the existence of a contingency fee arrangement.  Courts have long recognized this fact and note that under the governing statute the Court has an obligation to review such agreements "to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Here too, Plaintiff's counsel seeks attorney's fees specifically relying on the existence of a retainer agreement in support of the Motion.  Dkt. Nos. 39-1 & 39-2.

This, however, does not present a typical case.  Mr. Olinsky did not appear in this case as retained counsel for Plaintiff.  Instead, he was appointed pro bono by this Court.  Dkt. No. 16.  The retainer agreement upon which counsel relies was signed the same day he was appointed as counsel for Plaintiff.  *Id.*; Dkt. No. 39-2.  The retainer agreement includes language suggesting that Plaintiff was employing counsel's firm for representation in this matter.  Dkt. No. 39-2 at p. 2.  Given that Mr. Olinsky was appointed by this Court to represent pro bono, the Court does not believe that the contingency fee agreement at issue was authorized.  *Krauss v. Bowen*, 738 F. Supp. 648, 651 (E.D.N.Y. 1990).  The Court, therefore, will not consider the agreement in addressing the present Motion for fees.  *Id.*

That Mr. Olinsky was acting as pro bono counsel does not, in any way, preclude his recovery of reasonable attorney's fees.   This Court's Local Rules specifically authorize an award of attorney's fees to counsel for a prevailing party when permitted by statute.  L.R. 83.2(h).  The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).  That provision does not tie an award of fees to the existence of a contingency agreement.  Instead, this section requires only that, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. at 807.  Given the prevalence of contingency fee arrangements in this area, much of the caselaw revolves around assessing the reasonableness of a fee in that context. *See*, *e.g.*, *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022).  Under *Fields*, the Court of Appeals directs district courts to consider a number of relevant factors including the ability and expertise of counsel, the nature and length of counsel's relationship with the client, the satisfaction of the claimant, and the uncertainty of the outcome of the case. *Id.* at 854-856.  The Court finds many of the same factors relevant to the present fee application.

Plaintiff's benefit award following remand was over $55,000. Dkt. No. 39-1 at ¶ 4.  Counsel seeks fees in the amount of $6,657.84, far below the 25% cap set forth in section 406(b).  *Id.* at ¶ 7.  Plaintiff's counsel is an experienced litigator in Social

Security matters who provided excellent representation to Plaintiff in this case.  He successfully defended against a motion to dismiss, which may well have been difficult for Plaintiff to have addressed had she continued to proceed pro se, and ultimately secured a remand to the Commissioner.  This required significant work and briefing of issues to the Court.  A review of counsel's billing records, Dkt. No. 39-4, show that counsel provided reasonable work given the procedural history of this case and there is no evidence of excessive or inappropriate billing.  Counsel was ultimately successful in securing a favorable outcome for Plaintiff.

Counsel's fee request amounts to a *de facto* hourly rate of approximately $203, Dkt. No. 39-1, which is well within the range regularly awarded as attorney's fees in this type of case.  *See Insel v. Comm'r of Soc. Sec.*, 2017 WL 6558585, at *1 (N.D.N.Y. Dec. 22, 2017) (finding a *de facto* hourly rate of $416.60 would not be a windfall); *Filipkowski v. Barnhart*, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (awarding attorneys' fees at a *de facto* hourly rate of $743.30).

Finally, the Motion appears to have been timely filed, Dkt. No. 39-1 at ¶ 4, a fact Defendant does not contest.  Dkt. No. 40.

Considering the request as a whole, the Court finds that the request for an award of attorney's fees in the amount of $6,657.84 to be "a reasonable fee."  42 U.S.C. § 406(b)(1)(A).

### III. CONCLUSION

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees (Dkt. No. 39) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's counsel is awarded the sum of $6,657.84 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: July 14, 2023
    Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge